UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHEN M. WHITE, Ph. D.,

      Plaintiff,

v.                                CASE NO.:

EUROFINS AGROSCIENCE
SERVICES, INC., a foreign for profit
corporation,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEPHEN M. WHITE, Ph. D. ("WHITE"), by and through his undersigned counsel, hereby sues Defendant, EUROFINS AGROSCIENCE SERVICES, INC. ("EUROFINS"), and alleges:

## PRELIMINARY STATEMENT

1.    This is an action by WHITE against EUROFINS under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.* (as amended), and the Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq.*, Florida Statutes, for terminating his employment due to his disability and, alternatively, for terminating his employment because of his perceived disability. This is also an action under the Americans with Disabilities Act and the Florida Civil Rights Act arising from EUROFINS' retaliation against WHITE for exercising his right to seek reasonably accommodation under the Americans with Disabilities Act and the Florida Civil Rights Act.

## JURISDICTION, PARTIES AND VENUE

2.      This Court has jurisdiction over WHITE's federal claims under 28 U.S.C. § 1331 and 29 U.S.C. §216(b).  This Court has supplemental jurisdiction over WHITE's state law claim under 28 U.S.C. § 1367.

3.      WHITE is an individual and a resident of Madison County, Florida.  At all times material to his allegations in this Complaint, WHITE was a "employee" of EUROFINS for purposes of the ADA and the FCRA.

4.      EUROFINS is a foreign for-profit corporation which transacts business in Florida and, at all times material to WHITE's allegations, maintained business offices in Madison County, Florida and Orange County, Florida.  At all times material to WHITE's allegations, EUROFINS was an "employer" for purposes of 42 U.S.C. § 12111(5) and for purposes of Section 760.02(7), Florida Statutes.

5.      Venue is proper in the Northern District of Florida under 28 U.S.C. § 1391(b)(2), because most, if not all, of the events forming the basis of this suit occurring in this District and division, including WHITE's termination.

## GENERAL FACTUAL ALLEGATIONS

6.      WHITE became employed by EUROFINS as its Vice President for Technical Services in August 2008.

7.      WHITE demonstrated good job performance throughout his employment with EUROFINS.  WHITE was qualified to perform his job duties at all times material to his allegations.

8.      In or around May 2009, WHITE began suffering from a condition that caused severe shortness of breath, chest pain, significant fatigue and attendant anxiety.

9.     After being examined by a physician, WHITE informed Sarah Sabers, EUROFINS' Human Resources Director, and Ian Greig, WHITE's immediate supervisor, of his condition. WHITE informed Sabers and Greig that a CT scan had revealed masses in his lungs. WHITE's condition worsened in June, July and September 2009.

10.     WHITE's condition caused him substantially limited major life activities, including, but not limited to, breathing, walking, standing, lifting, participation in strenuous activities and ability to concentrate. WHITE's condition amounted to a cognizable "disability" and "handicap" for purposes of the ADA and the FCRA, respectively.

11.     WHITE is a "qualified individual with a disability" as defined by 42 U.S.C. § 12111(8) because he is an individual with a cognizable disability, who with or without reasonable accommodation, could perform the job duties of his position.

12.     The worsening of WHITE's condition causing him to request that he be provided at most a three month leave of absence from his job. WHITE's request was made to Sabers and Greig. WHITE's request amounted to a request for reasonable accommodation under the ADA and the FCRA. WHITE's leave of absence began on or about October 5, 2009.

13.     While on his leave of absence, Greig contacted WHITE on numerous occasions to ask about his prognosis, complain about WHITE's absence, and demand to know when and in what condition WHITE would return to work. Greig commented that he believed WHITE would not be able to return to work or lead a "normal" life.

14.     On or about November 13, 2009, WHITE was terminated from his employment with EUROFINS by Greig based upon the false and pretextual rationale that his termination resulted from a reorganization designed to reduce expenses. The actual reason for WHITE's discharge was his disability, alternatively EUROFINS' perception that WHITE was disabled,

3

and/or retaliation for his request for reasonable accommodation. WHITE'S unlawful termination occurred in Madison County, Florida.

15.    At all times material to WHITE's allegations, EUROFINS was aware of the requirements of the Americans with Disabilities Act, as amended, and the Florida Civil Rights Act and knew or should have known that its conduct with respect to WHITE was unlawful. Nevertheless, EUROFINS, through its employees, officers and/or authorized personnel (namely, Greig and Sabers), knowingly and willfully engaged in the above conduct in willful disregard of WHITE's legal rights and attempted to disguise such violations by purporting to cloak them with legitimate reasons in violation of the ADA and the FCRA.

16.    All conditions precedent, including exhaustion of administrative remedies with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, to the maintenance of this action by WHITE have occurred or have been waived, performed or excused.  Specifically, WHITE dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations on or about May 25, 2010.  On or about February 28, 2012, the EEOC issued a determination finding that EUROFINS terminated WHITE because of his disability.  A copy of the EEOC's determination is attached hereto as Exhibit 1.  On September 10, 2012, the EEOC issued a Notice of Right to Sue.  This suit is timely filed within ninety (90) days of the issuance of the Notice of Right to Sue.

17.    WHITE has retained the undersigned law firm as his legal counsel in connection with this action and is obligated to pay reasonable attorneys' fees and all costs incurred in connection herewith.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## DISABILITY DISCRIMINATION

18.     WHITE incorporates and realleges the allegations of paragraphs 1 through 17 as though fully stated herein.

19.     EUROFINS terminated WHITE because of his disability.

20.     EUROFINS' termination of WHITE violated the ADA.

21.     As a result of EUROFINS' actions, WHITE has been damaged.

22.     EUROFINS engaged in intentional discrimination against WHITE and did so with malice or reckless indifference to his rights.  Therefore, WHITE is entitled to the recovery of punitive damages.

WHEREFORE, Plaintiff, STEPHEN WHITE, Ph. D, demands judgment against Defendant, EUROFINS AGROSCIENCE SERVICES, INC., for:

(i)     All wages and benefits lost, including interest, as a result of his unlawful discharge;

(ii)    Reinstatement, and in lieu of reinstatement, front pay;

(iii)   Damages for the emotional distress arising from his unlawful discharge;

(iv)    Punitive damages;

(v)     Reasonable attorney's fees and costs; and

(vi)    Such further relief as the Court deems just and proper.

## COUNT II
## AMERICANS WITH DISABILITIES ACT
## PERCEIVED DISABILITY DISCRIMINATION
## (ALTERNATIVE TO COUNTS I AND III)

23.     WHITE incorporates and realleges the allegations of paragraphs 1 through 10 and 12 through 17 as though fully stated herein.

5

24.     EUROFINS terminated WHITE because of its perception that he is disabled.

25.     EUROFINS' termination of WHITE violated the ADA.

26.     As a result of EUROFINS' actions, WHITE has been damaged.

27.     EUROFINS engaged in intentional discrimination against WHITE and did so with malice or reckless indifference to his rights. Therefore, WHITE is entitled to the recovery of punitive damages.

WHEREFORE, Plaintiff, STEPHEN WHITE, Ph. D, demands judgment against Defendant, EUROFINS AGROSCIENCE SERVICES, INC., for:

(i)     All wages and benefits lost, including interest, as a result of his unlawful discharge;

(ii)    Reinstatement, and in lieu of reinstatement, front pay;

(iii)   Damages for the emotional distress arising from his unlawful discharge;

(iv)    Punitive damages;

(v)     Reasonable attorney's fees and costs; and

(vi)    Such further relief as the Court deems just and proper.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT
## DISABILITY DISCRIMINATION

28.     WHITE incorporates and realleges the allegations of paragraphs 1 through 17 as though fully stated herein.

29.     EUROFINS terminated WHITE because of his disability.

30.     EUROFINS' termination of WHITE violated the FCRA.

31.     As a result of EUROFINS' actions, WHITE has been damaged.

32.     EUROFINS engaged in intentional discrimination against WHITE and did so with

malice or reckless indifference to his rights. Therefore, WHITE is entitled to the recovery of punitive damages.

WHEREFORE, Plaintiff, STEPHEN WHITE, Ph. D, demands judgment against Defendant, EUROFINS AGROSCIENCE SERVICES, INC., for:

(i)   All wages and benefits lost, including interest, as a result of his unlawful discharge;

(ii)  Reinstatement, and in lieu of reinstatement, front pay;

(iii) Damages for the emotional distress arising from his unlawful discharge;

(iv)  Punitive damages;

(v)   Reasonable attorney's fees and costs; and

(vi)  Such further relief as the Court deems just and proper.

**COUNT IV**
**FLORIDA CIVIL RIGHTS ACT**
**PERCEIVED DISABILITY DISCRIMINATION**
**(ALTERNATIVE TO COUNTS I AND III)**

33.   WHITE incorporates and realleges the allegations of paragraphs 1 through 10 and 12 through 17 as though fully stated herein.

34.   EUROFINS terminated WHITE because of its perception that he is disabled.

35.   EUROFINS' termination of WHITE violated the FCRA.

36.   As a result of EUROFINS' actions, WHITE has been damaged.

37.   EUROFINS engaged in intentional discrimination against WHITE and did so with malice or reckless indifference to his rights. Therefore, WHITE is entitled to the recovery of punitive damages.

WHEREFORE, Plaintiff, STEPHEN WHITE, Ph. D, demands judgment against Defendant, EUROFINS AGROSCIENCE SERVICES, INC., for:

(i)    All wages and benefits lost, including interest, as a result of his unlawful discharge;

(ii)   Reinstatement, and in lieu of reinstatement, front pay;

(iii)  Damages for the emotional distress arising from his unlawful discharge;

(iv)   Punitive damages;

(v)    Reasonable attorney's fees and costs; and

(vi)   Such further relief as the Court deems just and proper.

## COUNT V
## AMERICANS WITH DISABILITIES ACT
## RETALIATION FOR REQUESTING REASONABLE ACCOMMODATION

38.    WHITE incorporates and realleges the allegations of paragraphs 1 through 17 as though fully stated herein.

39.    The ADA prohibits retaliation against employees seeking reasonable accommodation. 42 U.S.C. § 12203.

40.    EUROFINS terminated WHITE in retaliation for his request for reasonable accommodation.

41.    EUROFINS' termination of WHITE violated the ADA.

42.    As a result of EUROFINS' actions, WHITE has been damaged.

43.    EUROFINS engaged in intentional retaliation against WHITE and did so with malice or reckless indifference to his rights. Therefore, WHITE is entitled to the recovery of punitive damages.

WHEREFORE, Plaintiff, STEPHEN WHITE, Ph. D, demands judgment against Defendant, EUROFINS AGROSCIENCE SERVICES, INC., for:

(i)    All wages and benefits lost, including interest, as a result of his unlawful

discharge;

(ii)    Reinstatement, and in lieu of reinstatement, front pay;

(iii)   Damages for the emotional distress arising from his unlawful discharge;

(iv)    Punitive damages;

(v)     Reasonable attorney's fees and costs; and

(vi)    Such further relief as the Court deems just and proper.

**COUNT VI**
**FLORIDA CIVIL RIGHTS ACT**
**RETALIATION FOR REQUESTING REASONABLE ACCOMMODATION**

44.    WHITE incorporates and realleges the allegations of paragraphs 1 through 17 as though fully stated herein.

45.    The FCRA prohibits retaliation against employees seeking reasonable accommodation.

46.    EUROFINS terminated WHITE in retaliation for his request for reasonable accommodation.

47.    EUROFINS' termination of WHITE violated the FCRA.

48.    As a result of EUROFINS' actions, WHITE has been damaged.

49.    EUROFINS engaged in intentional retaliation against WHITE and did so with malice or reckless indifference to his rights.  Therefore, WHITE is entitled to the recovery of punitive damages.

WHEREFORE, Plaintiff, STEPHEN WHITE, Ph. D, demands judgment against Defendant, EUROFINS AGROSCIENCE SERVICES, INC., for:

(i)    All wages and benefits lost, including interest, as a result of his unlawful discharge;

(ii)     Reinstatement, and in lieu of reinstatement, front pay;

(iii)    Damages for the emotional distress arising from his unlawful discharge;

(iv)     Punitive damages;

(v)      Reasonable attorney's fees and costs; and

(vi)     Such further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

WHITE demands a jury trial of all issues so triable.

DATED this 30th day of November, 2012.

> THOMAS J. PILACEK & ASSOCIATES
> Winter Springs Town Center
> 158 Tuskawilla Road, Suite 2320
> Winter Springs, FL 32708
> Telephone: 407-660-9595
> Facsimile: 407-660-8343
> E-mail: jblitch@pilacek.com
>
> By: _____
>      Joseph E. Blitch, Esquire
>      Florida Bar No.: 40592